UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Okyere Tandoh,<br><br>    Plaintiff,<br><br>v.<br><br>United States; Ghana; United Kingdom; and Israel,<br><br>    Defendants. | Case No. 21-CV-2451 (SRN/LIB)<br><br>**ORDER OF DISMISSAL** |

SUSAN RICHARD NELSON, United States District Judge

Plaintiff Aaron Okyere Tandoh did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* Doc. No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court concludes that Tandoh qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pleading submitted by Tandoh names four nations (the United States, Ghana, the United Kingdom, and Israel) as defendants to this action, though on what basis is not entirely clear. Both the complaint itself [Doc. No. 1] and the main exhibit attached to the complaint [Doc. No. 1-1 at 2-5] allege that Tandoh believes he has been stalked or harassed by a public official of those nations for many years, but nowhere is it alleged what this harassment entails. Tandoh also suggests that the police departments of the municipalities of Edina and Virginia, Minnesota are involved in the unlawful behavior, though again, the specifics of how those entities might be involved are unclear. Put simply, the claims offered in the complaint are too vague and too conclusory to put the defendants on notice of the events and occurrences at issue in this litigation.

More importantly, though, Tandoh has not established that the Court has jurisdiction over this lawsuit. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." No basis for the Court's jurisdiction is pleaded in the complaint. *See* Compl. at 3 [Doc. No. 1]. Nor is any basis for the Court's jurisdiction obvious from the cursory allegations in the complaint. Tandoh does not invoke or refer to

any federal-law cause of action, *see* 28 U.S.C. § 1331, and because the United States is not the citizen of any state, its presence as a defendant to this lawsuit defeats any possibility of jurisdiction resulting from diversity of citizenship, *see* 28 U.S.C. § 1332; *Bautista Cayman Asset Co. v. Asociación de Miembros de la Policía de Puerto Rico*, – F.4th – , 2021 WL 5027511, at *3 (1st Cir. Oct. 29, 2021) ("As a general matter, the presence of the United States as a party destroys diversity jurisdiction, because the United States is not a citizen of any State under 28 U.S.C. § 1332."). Nor does any other statute appear to provide the Court with jurisdiction over this action.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Tandoh has not pleaded a viable claim for relief. But because Tandoh also has not adequately pleaded a basis for the Court's jurisdiction and no such basis is apparent from the complaint, this matter will be dismissed without prejudice for lack of jurisdiction.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Aaron Okyere Tandoh [Doc. No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 9, 2021    s/Susan Richard Nelson
    SUSAN RICHARD NELSON
    United States District Judge

3